IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNT OF BENJAMIN ALBERTSON AND GARRET J. GARRETSON, AS EXECUTORS, ETC., OF JOHN R. DE BEVOISE, DECEASED.

*Will — gift of legacies subject to a life interest in the estate given to the testator's widow — the payments made for repairs, taxes and interest on mortgages on a homestead farm, which the widow is given a right to occupy for life, are to be paid from the income and not from the estate.*

APPEAL by three of the residuary legatees from that part of the final decree, entered on the accounting made by the executors herein, by the surrogate of Queens county, New York, May 5, 1887, wherein it is adjudged that the interest on a mortgage, insurance premiums and taxes on testator's " Homestead Farm," occupied by the widow

for life, be paid from the *corpus* of the estate instead of from the income.

The paragraph of the will relating to this farm reads as follows: "It is my will that my said trustees shall not sell my farm in the town of Jamaica, whereon I now reside, under the power of sale hereinbefore given to them, during the lifetime of my said wife Sarah, except with her consent, to be signified by her joining in the execution of a deed of conveyance of the same; and that if my said wife shall so desire she be permitted to use and occupy said farm free of rent so long as she shall live; and I direct that my said trustees shall, during the time that my said wife shall so use and occupy said farm, pay out of my estate from time to time, as the same shall accrue or become necessary, all taxes upon said farm, and the expenses of keeping the buildings thereon in proper repair, and all other expenses attending the proper upholding and maintaining of the same, and, also, the interest upon any and all mortgages which shall be upon said farm at the time of my death." The privilege was also given to the widow, in the same paragraph, to have the use of all of the household furniture, farming utensils, and all other articles of personal property on the farm.

The court at General Term, said: "The scheme of the will is simple. Certain legacies are given subject to a life interest in the estate of the widow of deceased. These legacies are to be paid out of the capital of the estate after the widow's death. The 'remainder of the capital' is given to certain residuary legatees. The executors are directed to hold the whole estate during the widow's life and to apply the whole income to her use. There was full power of sale given in respect to all real estate, except the homestead and as to that piece the widow had the right at her option to occupy for her life. She did occupy the same until she died. It was very heavily mortgaged. The words of the will in respect to the homestead in case the widow chose to live on it are as follows: 'And if my said wife shall so desire she shall be permitted to use and occupy said farm free of rent so long as she shall live, and I direct that my said trustees during the time my said wife shall so use and occupy said farm, pay out of my estate from time to time as the same shall accrue or become necessary, all taxes upon said farm and the expense of keeping the buildings thereon in proper repair and all

other expenses attending the proper upholding and maintaining the same and also the interest on any and all mortgages which shall bɔ upon said farm at the time of my death.' The question presented is whether the interest, expenses and taxes paid by the executors during the life of the widow on the homestead are to be paid out of the income or out of the body of the estate after all the income is paid to her. The scope and intent of the will seems to cast them upon the life estate. That is the general rule when a life estate is given in land. (*Mosely* v. *Marshall*, 22 N. Y., 200.) The will in terms gives away the whole capital of the estate after the widow's death. If the farm had been sold the income would have been reduced by the amount of the interest on the mortgage on the land, and it is improbable that the testator would, when he gave an entire life estate in all his property require the interest on it or on any part of it to be paid by the reversioners. Plain language or a plain intent should be collected from the will to indicate such a purpose. At best the whole case for the widow rests on the direction to the executors to pay the disputed item, in case the widow selected the use of the land instead of the use of its money value ' out of my estate from time to time.' If the whole capital was disposed of, the estate intended by the language, to be used is that part of it which was not given away. The fair meaning seems to be that while the widow had a right to occupy the farm, if she did, the expenses, taxes and interest should be paid out of the income of the estate."

The decree is therefore modified accordingly, with costs to appellant out of the estate.

*George G. Dutcher*, for residuary legatees, appellants.

*G. W. Eastman*, for executors of John R. Debevoise, deceased.

*H. A. Montford*, for executors of Sarah Debevoise, deceased.

Opinion by BARNARD, P. J. ; PRATT, J., concurred.

Decree modified by charging the expenses, taxes and interest to the life estate, and as modified decree affirmed with costs to appellant out of the estate.